UNITED STATES of America

v.

**JOHNS–MANVILLE CORPORATION,** Keasbey and Mattison Company, Robert F. Orth, Louis F. Frazza, Robert R. Porter, Norman L. Barr, and James R. Reichel.

Crim. No. 21118.

United States District Court
E. D. Pennsylvania.

Dec. 31, 1963.

Raymond K. Carson, U. S. Dept. of Justice, Antitrust Div., Washington, D. C., Donald G. Balthis, Antitrust Div., Philadelphia, Pa., John E. Sarbaugh, Antitrust Div., Philadelphia, Pa., for plaintiff.

Thomas D. McBride, Philadelphia, Pa., Ralph M. Carson, New York City, for Johns-Manville Corp., Robert F. Orth and Louis F. Frazza.

Henry T. Reath, Philadelphia, Pa., Bradley M. Walls, New York City, for Keasbey and Mattison Co., Norman L. Barr and James R. Reichel.

Joseph W. Swain, Jr., Philadelphia, Pa., for Robert R. Porter.

VAN DUSEN, District Judge.

On December 6, 1963, defendants filed with the pre-trial judge their MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A PRE-TRIAL RULING THAT 28 U.S.C.A. § 1732, RELATING TO THE ADMISSIBILITY OF BUSINESS RECORDS, IS INAPPLICABLE IN A CRIMINAL PROCEEDING, which has been docketed as Document 153. This Memorandum, relying on the Sixth Amendment provision that "the accused shall enjoy the right * * * to be confronted with the witnesses against him," concludes with the following language at page 10:

"III. *Conclusion*

"For the above stated reasons the defendants request that the Court rule that 28 U.S.C.A. § 1732 is inapplicable in the present case."

This request for ruling must be denied in view of the federal appellate cases on this subject. In United States v. Leathers, 135 F.2d 507, 511 (2nd Cir. 1943), the court said:

"The appellant Thomas argues that the records in question would not be admissible under the early common law rules and that the recent judicial and statutory changes we have referred to are in contravention of the Sixth Amendment. But statements by relatives as to

pedigree, declarations against interest, and most important of all in criminal trials, dying declarations, have long been recognized as admissible. It is not necessary to say what limits the Sixth Amendment may set to the extension of exceptions to the rule against hearsay. Probably the permissible extension is a question of degree. We think that business records kept as a matter of ordinary routine are often likely to be more reliable than dying declarations. It cannot be reasonably argued that the extension of the common law book entry rule which we discussed in Massachusetts Bonding & Ins. Co. v. Norwich Pharmacal Co., 2 Cir., 18 F.2d 934, supra, or the statute cited above, involve any violation of the Sixth Amendment."

Similarly, other federal appellate courts have stated that "the Sixth Amendment does not prevent creation of new exceptions to the hearsay rule based upon real necessity and adequate guarantees of trustworthiness" [1] in the light of the requirement of confrontation of the Sixth Amendment. See, also, Kay v. United States, 255 F.2d 476, 480–481 (4th Cir. 1958), where the court said:

"Admission of the certificate did not deprive the defendant of his right of confrontation by witnesses.

Neither the Sixth Amendment to the Constitution of the United States nor Article I, Section 8 of the Constitution of Virginia can be said to have incorporated the rule against hearsay evidence, as understood at the time of their adoption. Each was intended to prevent the trial of criminal cases upon affidavits, not to serve as a rigid and inflexible barrier against the orderly development of reasonable and necessary exceptions to the hearsay rule.

"The power of Congress and of a state legislature to provide for the admission of evidence is not subject to any such arbitrary limitation as the defendant supposes. They may carve out a new exception to the hearsay rule, without violating constitutional rights, where there is reasonable necessity for it and where it is supported by an adequate basis for assurance that the evidence has those qualities of reliability and trustworthiness attributed to other evidence admissible under long established exceptions to the hearsay rule."

In Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 1244, 87 L.Ed. 1519 (1943), the court said:

"The rules of evidence, however, are established not alone by the courts but by the legislature. The Congress has power to prescribe

1. See Matthews v. United States, 217 F.2d 409, 418 (5th Cir. 1954). The cross-examination, which the right of confrontation as granted by the Sixth Amendment guarantees [see Dowdell v. United States, 221 U.S. 325, 55 L.Ed. 753 (1911) ; Brown v. United States, 234 F. 2d 140, 144–145 (6th Cir. 1956)], is not essential in situations covered by proper exceptions to the hearsay rule. Cf. Robertson v. Baldwin, 165 U.S. 275, 281–282, 17 S.Ct. 326, 328, 41 L.Ed. 715 (1897), where the court said: "The law is perfectly well settled that the first ten amendments to the Constitution, commonly known as the Bill of Rights, were not intended to lay down any novel principles of government, but simply to embody certain guaranties and immunities which we had inherited from our English ancestors, and which had from time immemorial been subject to certain well-recognized exceptions arising from the necessities of the case. In incorporating these principles into the fundamental law there was no intention of disregarding the exceptions, which continued to be recognized as if they had been formally expressed. * * * Nor does the provision that an accused person shall be confronted with the witnesses against him prevent the admission of dying declarations, or the depositions of witnesses who have died since the former trial." See, also, 5 Wigmore, Evidence (3rd Ed.), p. 127, § 1397.

what evidence is to be received in the courts of the United States."

The question may arise, when a document falling under 28 U.S.C. § 1732(a) is offered at the trial: does that statute transgress the right of confrontation granted by the Sixth Amendment? No blanket pre-trial ruling, as requested by defendants, is possible on this record. Similarly, the undersigned agrees with the contention of the above Memorandum that all documents covered by 28 U.S.C. § 1732(a) may not be admissible in a criminal trial and that the trial judge has the duty to determine whether such documents are constitutionally admissible under the Sixth Amendment guarantee of confrontation.

Although there are many reports, such as those made primarily for use in litigation, as opposed to use in conduct of the business (in this case, making and selling asbestos-cement pipe), which are not admissible under 28 U.S.C. § 1732(a) (see Palmer v. Hoffman, 318 U.S. 109, 114, 63 S.Ct. 477, 480, 87 L.Ed. 645 (1942)), some accounting records of the corporate defendants covered by the language of 28 U.S.C. § 1732(a), for example, may be admissible in this case without producing the person who made them. See Palmer v. Hoffman, supra, 318 at 112–113, 63 S.Ct. at 480, including footnotes 2 and 3, and United States v. Olivo, 278 F.2d 415, 417 (3rd Cir. 1960), as well as cases cited above. The Government should produce the maker of any important record wherever possible, having in mind the language of the federal courts on this subject[2] and the language of the Sixth Amendment.[3]

2. For example, in Massachusetts Bonding & Ins. Co. v. Norwich Pharmacal Co., 18 F.2d 934 (2nd Cir. 1927), the court said at page 938:

"The judge must be satisfied from the whole situation that the added credence to the document which the testimony of the entrants will bring does not justify the expense and difficulty of getting them to the trial. It ought to appear that the document was itself prepared under a routine which warrants its reliability; that the missing entrants, if called, would in the nature of things have no recollection of the events recorded and could do no more than corroborate the existing testimony as to the course of business in which they had a part; that either because of their number, their distance from the place of trial, the difficulty of finding them, or for other reasons, the burden of producing them would be unreasonably heavy upon the proponent. These considerations are not exhaustive, rather they illustrate the nature of the question, and the proper approach to its solution."

3. The Government's MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR A PRE-TRIAL RULING THAT 28 U.S.C.A. § 1732, RELATING TO THE ADMISSIBILITY OF BUSINESS RECORDS, IS INAPPLICABLE IN A CRIMINAL PROCEEDING, received December 19, 1963, has been attached to this Memorandum and is being filed with it.