STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. JOSEPH REDDICK, DEFENDANT-APPELLANT.

Argued October 8, 1968—Decided December 17, 1968.

*Mr. Louis Santorf* argued the cause for defendant-appellant.

*Mr. Archibald Kreiger,* Assistant County Prosecutor, argued the cause for plaintiff-respondent (*Mr. John G. Thevos,* Passaic County Prosecutor, attorney; *Mr. Kreiger,* of counsel).

The opinion of the court was delivered

PER CURIAM. Defendant Joseph Reddick was indicted for murder and at trial was found guilty of manslaughter. Pursuant to the former *R. R.* 1:2–1(*c*), he appealed directly to this Court on the grounds that: (1) the evidence was insufficient for submission of the case to the jury; (2) per-

mitting questions on cross-examination in relation to the ability of defendant, a former pugilist, to "knock out" opponents was prejudicial error; and (3) a medical examiner's autopsy report of the death of the decedent was erroneously admitted into evidence.

We have examined these issues and find no error. Nevertheless we feel compelled to set forth our views on the last issue.

The testimony at the trial was as follows. Defendant was born in Norfolk, Virginia, was 45 years of age, and had the equivalent of a third grade education. Defendant had been a high ranking pugilist.

He and Ernestine Blackshire, the deceased, had lived together since 1945. Mrs. Holmes, Ernestine's mother, resided at 3 Governor Street, Paterson, N. J., along with several other people, including Ernest Knight.

Testimony by the State's witnesses indicated that defendant and the deceased had gone to Mrs. Holmes' apartment around 7 o'clock P.M. on January 19, 1966. Defendant stated that he did not want to live with Ernestine any longer, and then departed. Upon returning to Mrs. Holmes' apartment some 45 minutes later, defendant hit Ernestine, cut her on the thigh and threatened to kill her and others who were present. Mrs. Holmes and another were also cut by defendant. Nevertheless, defendant and Ernestine left Mrs. Holmes' apartment together a short while later and returned to their own apartment.

The next morning defendant telephoned the police in order to get an ambulance. When the police arrived, they found Ernestine dead in bed—her face was bruised and her eyes swollen. The kitchen floor and the bedroom rug appeared to have been recently washed. Defendant's hand was swollen and bruised.

Defendant denied cutting anyone at Mrs. Holmes' house, asserting that Ernest Knight had attacked him with a knife at which time several people were slightly injured. De-

fendant also claimed that Ernestine's injuries resulted from two falls caused by her intoxicated condition. He testified that on the way home the deceased fell against an iron gate, cutting herself, and upon arriving home she fell down a flight of stairs, hurting her head.

Because of the nature of decedent's death, an autopsy was performed by Dr. George W. Surgent, the Assistant Medical Examiner. A report of the autopsy was dictated by Dr. Surgent to Julia Schweighardt, transcribed by her, and examined by the doctor for errors. Dr. Surgent died prior to the trial. The report was admitted upon the testimony of Mrs. Schweighardt. The present assistant medical examiner then testified as to his opinion of the cause of death, based upon the findings in the autopsy report.

We hold that the trial court correctly admitted into evidence the medical examiner's report after excising from it all matters of opinion as to the cause of death and other conclusions made by the examining doctor with regard to the place and manner of death. See *N. J. S. A.* 40 :21–30.10 (1967), and *New Jersey Rules of Evidence, Rule* 63 (13) [formerly *N. J. S.* 2A :82–35].

In *N. J. S. A.* 40 :21–30.10 the Legislature has specifically provided for the admission of autopsy reports as evidence of the matters and facts contained therein:

"The records of the office of the chief medical examiner made by him or by anyone under his direction or supervision shall be considered public records, and the records or transcripts thereof certified by the chief medical examiner shall be received in any court in this State as evidence of the matters and facts therein contained.

The records which shall be admissible as evidence under this section shall be records of the results of views and examinations of or autopsies upon the bodies of *deceased persons by the chief medical examiner or by anyone acting under his direction, supervision or control*, and shall not include statements made by witnesses or other persons."

In the instant case, the autopsy report was prepared by the assistant medical examiner for Passaic County and filed in

the office of the Chief Medical Examiner as required by *N. J. S. A.* 40:21–30.8.

In *People v. Nisonoff,* 293 *N. Y.* 597, 59 *N. E. 2d* 420 (1944), a factual pattern identical to this case was presented. Defendants were convicted of manslaughter in the first degree. At the trial, the autopsy report of a medical examiner who had died prior to the trial, was offered in evidence. Only so much of the report as contained the findings was offered and no part of the examiner's report containing his opinion was offered. Thereafter, the chief medical examiner was called to give opinion testimony as to the cause of death, based upon those findings. The Court affirmed the trial court's action in admitting the factual findings of the medical examiner as reported in the autopsy report. We agree with the New York Court of Appeals' treatment of the issue involved. *Cf. State v. Simmons,* 52 *N. J.* 538 (1968); *Mattox v. United States,* 156 *U. S.* 237, 15 *S. Ct.* 337, 39 *L. Ed.* 409 (1895); *Kay v. United States,* 255 *F. 2d* 476 (*4th Cir.*), *certiorari* denied 358 *U. S.* 825, 79 *S. Ct.* 42, 3 *L. Ed. 2d* 65 (1958); *Matthews v. United States,* 217 *F. 2d* 409, 50 *A. L. R. 2d* 1187 (*5th Cir.* 1954); *United States v. Leathers,* 135 *F. 2d* 507 (*2d Cir.* 1943); *United States v. Johns-Manville Corp.,* 225 *F. Supp.* 61 (*Pa. D. C.* 1963); see generally *Wigmore, Evidence* (*3d ed.* 1940), § 1397.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.