MAX D. HUTSON, Private E–2,
U. S. Army, Petitioner

v

UNITED STATES, Respondent

19 USCMA 437, 42 CMR 39

Miscellaneous Docket No. 70–40

May 22, 1970

Captain *William C. Lanham,* detailed counsel for Petitioner.

## Opinion of the Court

PER CURIAM:

Accused is presently charged with premeditated murder, rape, and assault with intent to commit murder, in violation of Articles 118, 120, and 134, Uniform Code of Military Justice, 10 USC §§ 918, 920, 934, respectively, the allegations growing out of the so-called "My Lai Massacre" in the Republic of South Vietnam, on March 16, 1968. He petitions this Court for a writ of mandamus or order, directing the summary court-martial convening authority to provide the defense with at least two qualified criminal investigators, in the grade of warrant officer or higher, or, in the alternative, with the necessary funds to hire private investigators, or, further, to make arrangements for assignment of two agents of the Federal Bureau of Investigation to the defense, all for the purpose of conducting essential independent investigations regarding the alleged incident. Applications for such relief have been summarily denied by the summary court-martial convening authority and returned without consideration by the military judge of the local judicial area circuit.

Petitioner asserts that such relief is provided for indigent defendants in United States district courts, under the provisions of 18 USC § 3006A, and that an analogous procedure should be made available for indigent military defendants, who are otherwise at the mercy of Government-conducted investigations. He finds basis for such relief in the All Writs Act, 28 USC § 1651, and our decisions in United States v Frischholz, 16 USCMA 150, 36 CMR 306 (1966), and Gale v United States, 17 USCMA 40, 37 CMR 304 (1967).

We find no basis for the relief sought in the All Writs Act, which authorizes the issuance of "all writs necessary or appropriate in aid of" our jurisdiction, nor do we find anything in the cited decisions which indicate any such construction of that statute. The Act simply offers no basis for directing the assignment or employment of investigators on the defense staff. Moreover, as noted by the defense, 18 USC § 3006A,

437

by its own terms, provides such relief only in the United States district courts and, therefore, is inapplicable in a military situation.

We are not without sympathy for defense counsel who finds his client faced with the most serious charges and lacks the resources and facilities available to the Government to perfect its case. The situation, however, is one which exists in many jurisdictions in this country when charges are brought against an indigent defendant. In the Federal courts, relief has been provided by Congress under 18 USC § 3006A, supra. In the military system, it has been so far provided by Congress only in the form of the usual Article 32 pretrial investigation, and, if further relief is to come to an accused, it, too, must emanate from the National Legislature.

In the meantime, it should be noted that the pretrial investigation to which these charges have been referred is the accused's only practicable means of discovering the case against him. As such, his counsel is certainly entitled to interview the witnesses prior to the investigation and to make such preliminary investigations in connection with their appearance and the defense's own case as will enable him properly to represent his client. We are certain that he will be afforded the opportunity to do so and that the United States, in accordance with the usual military practice, will make available to him the statements and reports of investigation which have been utilized in connection with this prosecution. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraphs 34, 44*h*. Finally, nothing herein should be construed in any manner as precluding the Government from voluntarily furnishing to the defense such expert assistants as it may desire in order to assure a fair opportunity to prepare for any trial which may ultimately be ordered.

Subject to the foregoing, the petition is denied.