UNITED STATES, Appellant

v

JOHN D. MILLER, Staff Sergeant, U. S. Army, Appellee

No. 28,308

December 13, 1974

*Lieutenant Colonel Donald W. Hansen* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Hugh W. Brenneman, Jr.,* and *Captain Joel M. Martel.*

*Captain John T. Willis* argued the cause for Appellee, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Colonel Victor A. De Fiori.*

## OPINION OF THE COURT

QUINN, Judge:

A military judge sitting as a special court-martial at Fort Hood, Texas, convicted the accused of two offenses, one of which was wrongful possession of marihuana in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Pursuant to its interpretation of *United States v Evans,* 21 USCMA 579, 45 CMR 353 (1972), the Army Court of Military Review set aside the findings of guilty as to the marihuana offense, dismissed the specification, and reassessed the sentence on the remaining findings

of guilty. As authorized by Article 67(b)(2), UCMJ, 10 USC § 867, the Judge Advocate General of the Army certified the following question for this Court's consideration:

Did the Court of Military Review misapply the rule of *United States v Evans* . . . to the case *sub judice?*

At trial, the Government introduced evidence as to the discovery by enforcement agents at Fort Hood of matter on the accused's person and in his quarters on post, which was believed to be marihuana. The matter was sent by registered mail to the United States Army Criminal Laboratory, Fort Gordon, Georgia, for examination. What transpired at the laboratory was presented in the form of a document entitled "Laboratory Report." The report indicated marihuana was present in the matter received by the laboratory. The document was admitted into evidence as Prosecution Exhibit 6, over objection of accused's civilian defense counsel. The colloquy on the objection is as follows:

MJ: Now, as to Prosecution Exhibit 6, do you have any objection?

IDC: As to Prosecution Exhibit 6, this is an attempt to prove that these items in the original exhibits 1 and 2 [Pros. Ex. 1 consisted of a pipe and a packet of vegetable matter, both of which were obtained from the accused's quarters; Pros. Ex. 2 consisted of material taken from the pockets of accused's clothing at the time of his arrest]—I believe that's to prove as to what they are by the use of a certification. There has been no evidence whatsoever as to the identification of these items, other than a suspicion of what it is. And I still believe that there should be expert testimony testifying and identifying exactly what this is, rather than just a printed piece of paper which has been certified to, that this is a copy of the lab records. I believe that there is insufficient testimony to call 6 and 1 and 2 together to prove what 1 and 2 are, and this is what the attempt is. (Military judge examines exhibits)

IDC: Maybe there is a case on point on this, Your Honor, but I'm not aware of it . . .

MJ: There is; however, let me see what you've got here. (Examines) I note that the notations on the three exhibits are the same as what's on the lab report. Therefore, unless you have any other objection, I will admit it.

IDC: No, sir.

MJ: Prosecution Exhibit 6 for Identification is admitted into evidence as Prosecution Exhibit 6.

In *United States v Evans, supra* at 581, 45 CMR at 355, this Court held that a laboratory report by a state government agency "furnishing the result of chemical analysis" qualifies as a business record, and can be admitted into evidence as such. The opinion did not directly consider the relationship between a business entry and the right of an accused, assured by the Sixth Amendment of the United States Constitution, to confront the witnesses against him. Accused's appellate counsel urge us to examine that relationship. They contend, in part, that they know of "no federal criminal case in which a defendant's drug conviction rested . . . solely on the basis of a laboratory report admitted over defense objection" as a business entry.

Indisputably, the "right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v Texas,* 380 US 400, 405 (1965). In the past decade, the United States Supreme Court has been reshaping the contours of the right. See *Chambers v Mississippi,* 410 US 284 (1973); *Barber v Page,* 390 US 719 (1968). Even the new and expanded formulation, however, acknowledges that the right of confrontation is not absolute, but subject to exceptions. One of the long-recognized exceptions is the admissibility of a record required and made in the regular course of business. Referring specifically to this exception, a panel of the Court of Appeals of the Second Circuit composed of distinguished jurists Augustus N. Hand, Learned Hand, and Jerome N. Frank unanimously held that the admission into evidence of a business entry, without in-court testimony by the person

having knowledge of the recorded fact, does not "involve any violation of the Sixth Amendment." *United States v Leathers,* 135 F2d 507, 511 (2d Cir 1943). That holding has been cited with approval in other cases, including the principal cases relied upon by accused's counsel. *McDaniel v United States,* 343 F2d 785 (5th Cir 1965), *cert denied,* 382 US 826 (1965); *Otney v United States,* 340 F2d 696 (10th Cir 1965).

In *McDaniel,* the court cautioned that not every record made in the course of business may possess the "hallmarks of authenticity" to justify its admission into evidence without testimony by the person having direct knowledge of the recorded fact. 343 F2d at 789. A common kind of record that may be prepared in the course of business, but not be part of the operation of the business so as to qualify as a business entry, is that made for the purpose of litigation. See *Palmer v Hoffman,* 318 US 109 (1943); *United States v Johns-Manville Corporation,* 225 F Supp 61 (ED Pa 1963). A second type of entry made in regular course of business but not admissible as a business entry is the entry that is a statement of opinion, rather than the record of a fact or event. In *Otney,* the Court of Appeals commented on the division of judicial opinion as to whether a medical report prepared in a hospital, which includes a medical opinion as to the accused's sanity, is admissible as the record of matter recorded in the course of a regularly conducted activity or excludable as an entry of a "controversial technical opinion." 340 F2d at 699. The discussion in the Advisory Committee's Notes to Rule 803(6) and (8), proposed Federal Rules of Evidence, 56 FRD 307–313, distinguishes between entries made in the course of a regularly conducted activity and "evaluative reports" predicated upon investigations and indicates that only the latter presents a "collision with confrontation rights" of the accused in a criminal case. These illustrations of business entries that do not qualify for admission in evidence are also discussed in the Manual for Courts-Martial, United States, 1969 (Rev), paragraph 144*d.*

*Evans* specifically considered the several circumstances that could disqualify a laboratory report from admission in evidence as a business record. We determined that it was the business of the state crime laboratory to analyze the physical nature of the material received by it for analysis and to record the results of its analysis; that the entry was made in the regular course of the laboratory's work; that the recording of the result of the analysis was "sufficiently factual to escape the opinion limitation on the admission of business entries;" and, finally, that the chemist's report, like the report of a pathologist as to the cause of death, was not "made primarily for the purpose of prosecution." 21 USCMA at 582, 45 CMR at 356. We concluded that the crime laboratory report was admissible in evidence as a business entry, without denying the accused his right to cross-examine the person who made the analysis.[1]

■ Apparently recognizing the similarity of the circumstances in the preparation of the state laboratory report in *Evans* and those in preparation of the report by the chemist at the Army crime laboratory, the Court of Military Review below held that the Government's exhibit was "properly admitted . . . into evidence as a business entry."[2] *United States v Miller,* 48 CMR 824, 825 (ACMR 1974). However, accused's counsel challenge the implied conclusion that the Army's crime laboratory report was not prepared solely for prosecution. Counsel predicate their contention upon the ground that the laboratory "is under no obligation to assist the defense in the investigation of a case." See *United States v Hutson,* 19 USCMA 437, 42 CMR 39 (1970). It may indeed be true that an accused does not have access as of right to the facilities of the crime laboratory, but the absence of reciprocity of use does not impart prosecutorial partiality to the personnel of the laboratory in the performance of their professional

---

[1] *See also* Kay v United States, 255 F2d 476 (4th Cir 1958), *cert denied,* 358 US 825 (1958).

[2] Government agency records can qualify as business records. LaPorte v United States, 300 F2d 878 (9th Cir 1962). *See also* paragraph 144*c,* Manual for Courts-Martial, United States, 1969 (Rev).

duties. We pointed out in *Evans* that a government laboratory expert "does no more than seek to establish an intrinsically neutral fact, the identity of the substance" submitted for examination. 21 USCMA at 582, 45 CMR at 356.

Earlier we noted that the Court of Military Review concluded that under *Evans* the trial judge "properly admitted" the laboratory report in evidence. However, the court went on to hold that the judge erred "by denying the accused the right to challenge the report's accuracy by calling the analyst and attacking the regularity of the testing procedures." *United States v Miller, supra* at 825. The court's statement implies that defense counsel's objection constituted a request that the laboratory chemist be called as a witness. Yet, later in its opinion, the court appears to have rejected the idea that the objection included a request for the witness. "We find," said the court, "that the above-quoted language on the part of the trial defense counsel, *although unspecific as to a request that the analyst be summoned to testify,* is sufficient to constitute *an attack on the accuracy of the test procedure."* 48 CMR at 825 (emphasis added).

■ Unless the defense objection is construed as an affirmative request that the chemist be called for the purpose of challenging the procedure he used or his competency to make the examination, there is no factual justification in the record of trial for the court's determination that the trial judge denied the accused the right to challenge the accuracy of the report. In *Evans,* we emphasized that the admission into evidence of a laboratory report as a business entry does not bar the accused from attacking its accuracy. We said that if the accused "wishes to do so, *he may have the analyst summoned"* to examine him as to his competency and as to the regularity of the procedure employed. 21 USCMA at 582, 45 CMR at 356 (emphasis added). The point of the statement is that as the

business entry is admissible without the in-person testimony of the declarant, the accused can assert his right to cross-examination by calling the declarant as a witness and, as provided in rule 806 of the proposed Federal Rules of Evidence, "examine him on the statement as if under cross-examination." 56 FRD at 329.

■ Here, defense counsel did not expressly ask that the expert be called as a witness. Giving his words their most expansive meaning, we still cannot construe them as a request for call of the chemist. As Judge Clause pointed out in dissent below, the only objection advanced by counsel was as to its initial admissibility on the ground the chemist had not testified in person to his examination of the substance submitted to him.[3] *Evans* held that the expert need not testify in person. Further, counsel did not proffer, and the trial judge did not give any indication of an inclination to exclude, evidence as to inaccuracy of the laboratory's procedures or the chemist's competency. In our opinion, the defense objection implied nothing more than that defense counsel believed the report was not admissible in the absence of testimony by the expert; there is no hint of an offer of evidence to oppose the "hallmarks of authenticity" that justified admissibility of the Government's exhibit.

We answer the certified question by holding that the Court of Military Review erred in its conclusion that the trial judge had denied the accused the right to attack the accuracy of Prosecution Exhibit 6. We reverse the court's decision as to specification 1 of the charge and the sentence, and remand the record of trial to it for further proceedings consistent with this opinion.

Judge Cook and Senior Judge Ferguson concur.

---

[3] Although unidentified by name, apparently *Evans* is the case the trial judge referred to in response to civilian defense counsel's remark that he was "unaware" of any case which authorized the admission in evidence of a laboratory report without in-court testimony by the person who conducted the tests constituting the basis of the report. *Evans* was decided in August 1972, and the trial in this case was held in March 1973.