# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**Sergeant ANDREW M. JONES**
**United States Army, Petitioner**
**v.**
**Commandant, Midwest Joint Regional Correction Facility**
**Respondent**
**&**
**THE UNITED STATES OF AMERICA**
**Respondent**

**ARMY MISC 20160063**

Headquarters, United States Army Maneuver Center of Excellence and Fort Benning
Charles A. Kuhfahl, Jr., Military Judge
Colonel Charles C. Poche, Staff Judge Advocate

For Petitioner:  Captain Amanda R. McNeil Williams, JA; Philip D. Cave, Esquire (on brief).

For Respondent:  No Response Ordered.

19 February 2016

-------------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION
ON PETITION FOR EXTRAORDINARY RELIEF IN THE
NATURE OF A WRIT OF MANDAMUS
-------------------------------------------------------------------------

Per Curiam:

Petitioner, Sergeant (SGT) Andrew M. Jones, is a prisoner at the Midwest Joint Regional Correction Facility (JRCF) at Fort Leavenworth, Kansas.  A military judge sitting as a general court-martial convicted petitioner, contrary to his pleas, of four specifications of indecent acts with a child and one specification of wrongfully communicating a threat, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ].  The military judge acquitted petitioner of a host of additional alleged sexual misconduct.  The convening authority approved the adjudged sentence of a bad-conduct discharge, three years of confinement, and reduction to the grade of E-2.  Following his court-martial, petitioner was transferred to the JRCF to serve his term of confinement.

Petitioner's case is currently pending appellate review at this court.  He filed a petition for a writ of mandamus asking this court to direct the Commandant, JRCF,

to release unredacted copies of his intake counseling and psychological records to his counsel so that they may be considered in assigning an error that allegedly occurred during the presentencing portion of his court-martial. According to petitioner, the Commandant will release the documents in question, but petitioner claims—based on discussions with the U.S. Disciplinary Barracks command judge advocate—that the records "will be redacted (sometimes quite heavily)."

As an initial matter, we address whether we have jurisdiction to provide the relief requested. We agree with petitioner that, based on his assertions, access to the records in question has the "the potential to directly affect the . . . sentence." *LRM v. Kastenberg*, 72 M.J. 364, 368 (C.A.A.F. 2013) (citation omitted). Our concern instead is whether we have the authority to give the relief petitioner seeks.

Here, petitioner does *not* seek a reduction in his sentence because he was frustrated in his efforts to present matters material to his appeal. We certainly have that authority. *See* UCMJ art. 66(c). Rather, petitioner asks this court to issue a writ ordering an Army commander, not in his role as a convening authority, to take a specific action. It requires an exceptionally broad view of this Article I court's authority to order such relief. *See e.g. United States v. Reinert*, ARMY MISC 20071195, 2008 LEXIS CCA 526 (Army Ct. Crim. App. 7 August 2008) (mem. op.). (finding the military judge exceeded his authority when he ordered a military commander to conduct training with regards to Article 13, UCMJ); *see also Hutson v. United States*, 19 U.S.C.M.A. 437, 42 C.M.R. 39 (1970) (finding no basis in the All Writs Act to order the summary court-martial convening authority to appoint investigators to the defense team).

Assuming *arguendo* the authority to issue the requested writ, we still deny the petition as petitioner has not demonstrated that "the right to issuance of the writ is clear and indisputable" and there is "no other adequate means to attain relief." *Cheney v. United States Dist. Court for D.C.,* 542 U.S. 367, 380-81 (2004) (internal quotation marks and citations omitted).

Specifically, appellant's concerns that the records will be redacted—while likely raised in good faith—are at this point speculative and premature. Even assuming that the records are delivered with redactions, appellant may realize that the redactions are inconsequential or otherwise do not inhibit his ability to seek full appellate review.[1] Granting relief at this point would require us to foresee both the contents of the records and the unreasonableness of any redaction.

---

[1] It is not clear to us why petitioner's own records are being redacted before being released to petitioner. If the concern is that the records contain contraband or

(continued...)

2

Moreover, petitioner has not filed a motion with this court requesting that we order the government appellate division to attempt to obtain the records for appellant or that we order other appropriate relief. *See generally United States v. Campbell*, 57 M.J. 134, 138 (C.A.A.F. 2002) ("When faced with a post-trial dispute over discovery relevant to an appeal, an appellate court needs to conduct an analysis . . . . [I]f the court decides inquiry is warranted, it must determine what method of review should be used."). That is, there may be other means for petitioner to obtain relief, making the issuance of a writ premature.[2]

## CONCLUSION

The writ petition is DENIED without prejudice to petitioner to raise any matter during the course of appeal.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)
other matter that cannot be released to petitioner while he remains a prisoner, it may be sufficient (or not) that his appellate defense counsel receive an unredacted copy while the redacted copy is provided to petitioner. If, on the other hand, redaction is necessary because the records contain personal information unrelated to petitioner's appeal (e.g., personally identifiable information of prison staff), such a solution may be insufficient. Clearly, we cannot resolve this issue on the record before us.

[2] By filing this as a writ petition, defense counsel must have understood we would evaluate the petition under the unforgiving standard enumerated in *Cheney* above.