UNITED STATES, Appellee

v

LARRY F. COAKLEY, Private,
U. S. Army, Appellant

18 USCMA 511, 40 CMR 223

*Colonel Daniel T. Ghent* and *Major James M. Yelton, Jr.,* were on the pleadings for Appellant, Accused.

*Major Edwin P. Wasinger* was on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

Upon conviction by a general court-martial of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, the accused was sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for eighteen months, and reduction to the lowest enlisted grade. Appellate review has wrought no change. Our consideration of the case is directed to the question:

Whether the law officer erred to the prejudice of the accused by admitting the testimony of Agents Crowe and Gaynor relative to the identification given them by the accused (Record, pages 38–41).

We perceive no error.

In an out-of-court proceeding held at the beginning of Coakley's trial, an agent of the Federal Bureau of Investigation related that he and his partner were assigned to the case in July 1968. The search for Coakley was instituted at the behest of the armed forces. The agent related that the investigation carried him and his partner to the residence of Coakley's mother, who lived in Brooklyn, New York. The mother's husband, Shaffey Mansour, gave them a description of the car the accused drove, its license number, a description of the girl who accompanied the accused, the clothes that accused would be wearing, that the accused had a bandaged hand, and the specific area in Brooklyn where he would likely be discovered.

Arriving in the designated area, the agents found the described car and then saw Coakley and the girl emerge from a row of apartment houses. When the accused crossed the street, the agents followed him to the door of another house. The testifying agent then identified himself and asked if the accused was Coakley. Coakley responded in the negative but was nevertheless placed under arrest. The agent asserted, that regardless of the name given, the arrest would have still been made, there being "sufficient probable cause."

Once placed under arrest, accused was instructed to produce identification. He handed the agent a New York State driver's license and a selective service registration card both in the name of Frank J. Mansour. He carried no identification bearing his true name. It was conceded by both parties that no Article 31, Code, supra, *Miranda*,[1] "or any other advice" was given accused at this time.

Defense counsel argued that accused's initial statement that he was not Coakley and the "assertion" he made that he was Mansour by handing the wallet to the FBI agent, were taken in violation of his Article 31 and *Miranda* rights. The law officer agreed that this testimony was inadmissible.

In court, the agent repeated his testimony for the court members to the point where the agent asked if the accused was Larry F. Coakley. Here a defense objection was sustained. The court was then told of the arrest and of the *absence* of an armed forces identification or anything showing ac-

[1] Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966).

tive military status. Over further defense objection that this matter had already been ruled on, the prosecution elicited from the witness a response that the accused carried no document showing his true name. When questioned, the second agent gave the same answer.

This evidence was properly admitted. Here we are concerned not with the initial inquiry as to Coakley's identity, for that testimony was not repeated at trial. The correctness of the law officer's ruling, therefore, is of no moment. It is difficult, however, to describe a meeting on a street such as the one here as amounting to a "custodial interrogation." In any event, the agent's testimony reflects the immediate search made incident to the lawful arrest. United States v Dutcher, 7 USCMA 439, 22 CMR 229. Warning under Article 31, the Fifth Amendment to the Constitution, and *Miranda* is not a prerequisite to a valid search. United States v Rushing, 17 USCMA 298, 38 CMR 96; United States v Insani, 10 USCMA 519, 28 CMR 85. Testimony as to the *absence* of true identification is obviously admissible. United States v Nowling, 9 USCMA 100, 25 CMR 362, and United States v Phifer, 18 USCMA 508, 40 CMR 220, are distinguishable, since neither involves a search incident to a valid arrest.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.