**479**

UNITED STATES

v.

Private (E-2) David H. MANN, 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, U. S. Army, Company D. Fourth Battalion, Third Infantry Training Brigade, Fort Polk, Louisiana 71459.

SPCM 10498.*

U. S. Army Court of Military Review.

23 June 1975.

Appellate counsel for the Accused: CPT Paul C. Hemmer, JAGC; COL Victor A. De Fiori, JAGC.

Appellate counsel for the United States: CPT John F. Schmutz, JAGC; CPT David A. Schlueter, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellate was convicted, contrary to his pleas, of robbery in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. The military judge sentenced him to be discharged from the service with a bad-conduct discharge, to be confined at hard labor for four months, to forfeit $200.00 pay per month for four months, and to be reduced to the lowest enlisted grade. The convening authority approved the sentence as adjudged.

Private Stanley Formanek was robbed by three persons on the night of 9 February 1974 on the Fort Polk military reservation. Shortly after the robbery, the appellant, together with two other suspects, was apprehended by military policemen near the scene of the robbery. As an incident to the apprehension, the appellant was searched by the military policemen. The search was witnessed by Special Investigator James Orlando Coley. Among the appellant's effects was a $20.00 bill.

After the appellant was taken to the military police station, Agent Coley discovered that the victim of the robbery could identify a $20.00 bill that was taken from him during the robbery. Coley recalled that the appellant had a $20.00 bill in his possession at the time he was searched. Upon inquiry, he learned that the money had been returned to the appellant. Coley then went to the appellant and engaged in the following conversation with him:

"Q. Private Mann do you have a $20.00 bill?

* Consult Table of Cases in Bound Volume by Name of Accused for appellate history.

A. Yes.

Q. Where is it?

A. In my pocket.

Q. Let me have it."

The appellant complied. Further investigation revealed that the $20.00 bill received from the appellant was the same bill taken from the victim. Agent Coley's testimony and the $20.00 bill were received in evidence without objection by the defense.

The appellant now contends that his statement to the criminal investigator as well as his nonverbal "statement" of handing over the $20.00 bill were inadmissible because they were obtained in violation of Article 31 of the Code and the warning requirements as to counsel mandated by *United States v. Tempia,* 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

The Court of Military Appeals has held that if a suspect is asked to identify physical evidence he is being interrogated within the meaning of Article 31 and a warning in accordance with that article is required. In *United States v. Taylor,* 5 U.S.C.M.A. 178, 17 C.M.R. 178 (1954), the accused, who was suspected of possessing marihuana, was asked by a military policeman to point out his clothing in a room occupied by the accused and another. The accused complied by orally identifying an overcoat in which marihuana was subsequently discovered. The Court held that the accused's response was a statement "regarding the offense of which he [was] suspected" within the meaning of Article 31 and that the failure to warn in accordance with Article 31 rendered the statement inadmissible. In *United States v. Holmes,* 6 U.S.C.M.A. 151, 19 C.M.R. 277 (1955), the Court held that the accused's physical act of identifying clothing which linked him to an offense of which he was suspected likewise constituted a "statement" requiring an Article 31 warning.

In *United States v. Corson,* 18 U.S.C.M.A. 34, 39 C.M.R. 34 (1968), on which the appellant relies heavily, a chief petty officer, suspecting Corson of possessing marihuana,

confronted him and said, "I think that you know what I want, give it to me." Corson reached in his pocket and handed over a package of marihuana cigarettes. The Court concluded that Corson's act of producing the cigarettes in response to the request constituted a statement. As the request was not preceded by an Article 31 warning, the Court held the nonverbal statement to be inadmissible. The Court noted that there was no factual basis upon which to justify the action of the petty officer as a valid search. To the same effect, see *United States v. Nowling,* 9 U.S. C.M.A. 100, 25 C.M.R. 362 (1958).

While the principles enunciated in these decisions are unquestionably valid, we are convinced that the instant case is governed by *United States v. Cuthbert,* 11 U.S.C.M.A. 272, 29 C.M.R. 88 (1960). In that case, the accused was suspected by his company commander of tampering with the mails. The commander approached the accused, told him that he had been observed putting mail in his jacket, and asked him to empty his pocket. The accused removed several letters from his pocket, none of which were addressed to him. The Court held that the commander was engaged in a legal search of the accused rather than an interrogation. As a search need not be preceded by a warning under Article 31, the evidence was admissible.[1]

*Corson* and *Cuthbert* are on opposite ends of the evidentiary spectrum. *Corson* involves an interrogation and no valid search. *Cuthbert* concerns a valid search with no interrogation. The distinction, as the Court has noted, is crucial.

The instant case, in effect, is the same as *Cuthbert.* Agent Coley was conducting a search, not an interrogation. There is no dispute that the initial search of the appellant near the scene of the robbery was a valid search incident to a lawful apprehension. Agent Coley witnessed this search and knew that a $20.00 bill had been found on the appellant and had been returned to him. Under the circumstances, it was permissible for Coley to resume the search

1. *See United States v. Insani,* 10 U.S.C.M.A. 519, 28 C.M.R. 85 (1959).

when he learned that a $20.00 bill had been taken from the victim and could be identified by him. We are satisfied that Coley's request that the appellant turn over the $20.00 bill constituted a search and not an interrogation. *United States v. Cuthbert, supra.* We are also satisfied that the preliminary questions to the appellant did not constitute an interrogation. Agent Coley was not attempting to elicit an admission from the appellant. He already knew that the appellant had a $20.00 bill. Coley's questions, therefore, were no more than an innocuous entree to the search itself. Accordingly, no warning was required.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge VINET concur.