**UNITED STATES, Appellee,**

v.

**Specialist Four Jeffrey A. STOECKER, SSN 468–78–9370 United States Army, Appellant.**

**CM 441264.**

U. S. Army Court of Military Review.

11 June 1982.

Captain Jon S. Pascale, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, and Major Joyce E. Plaut, JAGC.

Captain John L. Plotkin, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Paul K. Cascio, JAGC.

Before FULTON, McKAY and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Judge:

The appellant was convicted by a general court-martial, contrary to his pleas, of larceny of government property of a value of about $6,122.53, and possession of 8.13 grams of marihuana in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1976). The convening authority approved the adjudged sentence of reduction to the grade of E–1, forfeiture of $100.00 pay per month for 12 months and confinement for 12 months.

The primary issue before this Court is whether the appellant's surreptitious attempt to conceal an object on his person during a search of his barracks room must be regarded as a withdrawal as to that object of his previous written consent to the search of his room. If this question is answered in the negative, issues are then presented whether search of the object sought to be concealed was outside the scope of the consent search and whether its seizure was otherwise legal.

The record reveals that during an investigation of a reported larceny of government property, Staff Sergeant Joseph A. Schopper, a military police investigator, identified himself to appellant as an investigator and advised him that he was suspected of stealing an oscilloscope and a tool set from a warehouse where he worked. Schopper did not warn the appellant of his rights under Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831 (1976) (hereinafter UCMJ), as he did not intend to question him.*

Responding to a request by Schopper, the appellant consented to a search, first of his car and then of his barracks room. Schopper prepared a form for consent to search both the car and room and explained it to the appellant. The form stated the search was "for the following general types of property or evidence: Electrical parts and equipment." The appellant signed the form.

The search of the car produced nothing of significance. Afterwards, while searching the barracks room, Schopper decided to look into some boxes that were stored on top of two wall lockers. Without being asked, appellant pulled over a chair and began to assist by passing down the boxes to Schopper, who could not see the top of the lockers. Schopper observed appellant reach up with his right hand, move something across the top of the locker and pick it up with his left hand. The appellant then slid the object down his side and, while keeping his body between his arm and Schopper, he attempted to place it in his pocket. Schopper could see the object was small and green in color. He did not suspect it contained drugs but testified that he suspected it might contain "an item of evidence" or money obtained from the sale of the stolen electronic equipment. Schopper also testified that he suspected appellant had stolen the electronic equipment, knew he had a car and that there had been time to dispose of the stolen property. He therefore asked appellant to show him the green object. The appellant handed it to Schopper. The object was a plastic cigarette box and when Schopper opened it he found what turned out to be marihuana.

At his trial the appellant moved to suppress the admission of the marihuana on the grounds of an illegal search and the failure to advise appellant of his rights under Article 31, UCMJ, preceding Schopper's request that appellant give him the cigarette box. The trial judge denied the motion.

██ A knowing and voluntary consent given by an individual to search his barracks room obviates the necessity for command authorization—the military equivalent of a warrant, probable cause, or any other justification for government intrusion into an individual's privacy. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Davis v. United States*, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453

* Because of the value of the property allegedly stolen in this case the U.S. Army Criminal Investigation Command had responsibility for its investigation. Apparently Schopper intended only to attempt to recover the property from the appellant who he suspected was the thief.

(1946). Consent to search, however, is not irrevocable. It can be withdrawn at any time and for any reason. *United States v. Castro*, 23 U.S.C.M.A. 166, 48 C.M.R. 782 (1974); *United States v. Cady*, 22 U.S.C.M.A. 408, 47 C.M.R. 345 (1973); Mil.R.Evid. 314(e)(3); *People v. Martinez*, 259 Cal. App.2d Supp. 943, 65 Cal.Rptr. 920 (App. Dep't Super.Ct.1968). Moreover, consent to search can be granted on terms that restrict the search as to place, purpose and scope. *United States v. Castro, supra*; 2 W. La-Fave, Search and Seizure: A Treatise on the Fourth Amendment § 8.1 (1978).

■ The appellant does not contest that a knowing and voluntary consent was given by him to Schopper to search his barracks room. He contends, however, that such consent was withdrawn with respect to the cigarette box containing marihuana by his attempts to secrete that object on his person. We disagree and reject the notion that the appellant's furtive conduct was the actual or functional equivalent of withdrawal, in whole or part, of his previously given written consent. *See United States v. Reynolds*, 1 M.J. 823 (A.F.C.M.R.1976). At no time did the appellant verbally object to the continuation of the search or express an intention to withdraw his consent to it. We believe that the appellant belatedly remembered the presence of the marihuana and his furtive conduct was nothing more than an attempt to hide it from Schopper. Had the appellant voiced an objection to continuation of the search, or otherwise communicated to Schopper an intention that the cigarette box be excluded from the given consent, our opinion might be different. We find, however, that it would be unreasonable to require a policeman while in the midst of a consent search to monitor the conduct of the grantee and interpret its meaning in order to decide whether consent has been withdrawn. *Cf. Mason v. Pulliam*, 557 F.2d 426 (5th Cir. 1977); *Berg v. State*, 384 So.2d 292 (Fla.App.1980). A greater degree of notice than surreptitious concealment, unambiguous though that may be should be required to revoke or limit express or written consent to search a specified area. *United States v. Sierra-Hernan-*dez, 581 F.2d 760 (9th Cir. 1978), *cert. denied*, 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978). We hold, therefore, that in order to accomplish its objective an intention to withdraw written consent to search must be communicated or manifested in a clear and direct manner to those conducting the search.

■ We also find against the appellant in his contention that search of the cigarette box was not within the scope of the written consent to search the room. We find first, that by his act of voluntarily passing down the boxes from the top of his wall locker for examination, the appellant showed that he expected the containers there to be inspected by Schopper. Second, there is nothing to indicate that the missing equipment was not subject to disassembly or that evidence relating to its presence in the room at some time could not be found in a small box. Therefore, even though the signed consent limited the search to "Electrical parts and equipment," the search remained valid as long as it was consistent with an effort to locate these particular objects. *United States v. Hawkins*, 49 C.M.R. 57 (A.C.M.R.1974). The appellant's furtive conduct gave Investigator Schopper ample cause to believe that evidence of the taking of the missing property by appellant was in the box. Mere evidence can be seized provided there is probable cause to believe that the evidence will aid in a particular apprehension or conviction. *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *United States v. Whisenhant*, 17 U.S.C.M.A. 117, 37 C.M.R. 381 (1967). Therefore, had money been found in the box, it would have been admissible against the appellant if a nexus could have been shown between it and the theft of the missing electronic equipment. A nexus would have been established by showing that the appellant was without money before the offense. *People v. Gorgol*, 122 Cal.App.2d 281, 265 P.2d 69 (1953); *People v. Orloff*, 65 Cal.App.2d 614, 151 P.2d 288 (1944). Thus at the time the cigarette box was seized money in appellant's possession was a legitimate object of the search con-

ducted under appellant's written consent. *See United States v. Hawkins, supra; United States v. Sierra-Hernandez, supra; State v. Koucoules,* 343 A.2d 860 (Me.1974).

We similarly reject appellant's contention that the cigarette box was seized illegally from appellant's person. We do not believe that the cigarette box was seized from the person of the appellant as it was at one time, at least for an instant, in plain view to Schopper. Therefore holding as we do that appellant did not withdraw his consent with respect to the cigarette box, we find no distinction between the handing of other items from atop the lockers to Schopper, and the handing of the cigarette box to him. We hold, therefore, that contraband in the form of marihuana discovered in the course of an otherwise legitimate consent search was admissible as evidence against appellant. *See Warden v. Dichiarinte,* 445 F.2d 126 (7th Cir. 1971).

■ We find no merit to appellant's remaining assertion of error that the marihuana was obtained in violation of his rights under Article 31, UCMJ, due to the lack of the required advice. The seizure of the cigarette box containing the marihuana occurred in the course of a lawful consent search of the room and under the facts of this case no warning of rights was required. *See United States v. Coakley,* 18 U.S.C.M.A. 511, 40 C.M.R. 223 (1969); *United States v. George,* 9 M.J. 607 (A.C.M.R.1980); *United States v. Mann,* 1 M.J. 479 (A.C.M.R.1975).

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge COHEN concur.